<u>UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| **DONALD C. GRIFFITH,** | : | **CASE NO. 5:10-CV-6181** |
| Plaintiff | : | |
| v. | : | |
| **LABORERS INTERNATIONAL** | : | |
| **UNION OF NORTH AMERICA,** | : | **JURY TRIAL DEMANDED** |
| **LOCAL NO. 1174,** | : | |
| Defendant | : | |

<u>PLAINTIFF DONALD GRIFFITH'S MOTION TO RECONSIDER ENTRY OF SUMMARY JUDGMENT IN FAVOR OF DEFENDANT, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL NO. 1174</u>

Plaintiff Donald Griffith, by and through his undersigned counsel, Donald P. Russo, hereby requests your Honorable Court to reconsider the Court's granting of summary judgment in favor of the Defendant, for the following reasons:

1. The relevant time frame cited by the Plaintiff for the specific acts of discrimination was a period of less than five months, beginning on May 1, 2007.

2. The May 2007 time frame referred to in paragraph one (1) was referred to in the Plaintiff's EEOC Charge as well as in his Complaint.

3. The time frame referred to in paragraph one (1) was also set forth in the Plaintiff's NLRB charge, which is referred to in the Plaintiff's deposition.

4. The Plaintiff also testified to this time frame at Pages 81-83 his deposition.

5. The Plaintiff has consistently adhered the position that the discrimination he alleged occurred in aforementioned time frame.

6. This Honorable Court's July 13, 2012 decision, at 9 and 10, refers to "Defendant's Apprentice Job Referrals from Out-of-Work Lists, May 1, 2007 to July 1, 2008.

7. By accepting Defendant's evidence that was based in part from a time frame beginning October 1, 2007 through July 1, 2008, this Honorable Court allowed the Defendant to put into the record information that was used to bolster its allegation that it had a legitimate, non-discriminatory reason for not providing the Plaintiff with reasonable job opportunities for the period referred to in Paragraph one (1) hereinabove.

8. Plaintiff respectfully submits that a jury should be granted an opportunity to consider whether or not the Defendant's post-October 1, 2007 evidence represents an attempt by the Defendant to cover-up the Defendant's pre-October 1, 2008 acts of discrimination. Plaintiff, for example, has attached hereto as Exhibit "A" a copy of Document 25, filed in the record September 14, 2011, page 40 of 291, that clearly does not support the Court's finding at page ten of the decision that eight (8) phone calls went unanswered. Said eight calls would have had to be extrapolated from the post-October 1, 2008 time frame referred to in Paragraph seven (7) hereinabove.

9. This Honorable Court's July 13, 2012 decision, at 11, refers to certain "exceptions" that permit the employers to select individual laborers.

10. Paragraph 6 of the Laborers' Local 1174 Referral Procedure (contained in the record) states that detailed records must be kept of all requests from employers for a particular worker. See Item #6, Appendix Part VII, Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment.

11. The Defendant did not submit copies of the alleged written employer requests referred to in Paragraph ten (10) hereinabove, despite the clearly stated requirement that it maintain such records.

12. It would constitute impermissible fact-finding for the Court to hold that there were permissible hiring "exceptions" in the case at bar, given the fact that there is no concrete evidence of the same.

WHEREFORE, Plaintiff respectfully requests your Honorable Court to reconsider its decision granting summary judgment in favor of the Defendant, and, that this Honorable Court deny and dismiss the Defendant's Motion for Summary Judgment.

Respectfully submitted,

*/s/ Donald P. Russo*

DONALD P. RUSSO, ESQUIRE

Attorney for Plaintiff

Law Offices of Donald P. Russo

35 East Elizabeth Avenue, Suite 42

Bethlehem, Pa 18018

(610) 954-8093

Attorney I.D. No. 25873

**EXHIBIT "A"**

Member Record(s) Report Laborers Local 1174

Page: 1
Jun 21, 2010
09:38 AM

| Name: | GRIFFITH, DONALD C | SSN: | 200448784 |
|---|---|---|---|
| Address: | 475 LITTLE GAP ROAD | Card#: | 3851984 |
| | PALMERTON, PA 18071 | Birth Date: | 10/8/1963 |
| Phones: | 610####### | Deceased: | |
| | | Initiated: | 1/17/2001 |
| | | Industry: | |
| Emails: | | Local/Loc: | Local 1174 |
| | | Industry: | CON |
| Status: | Suspended | | |
| Mem Type: | Apprentice | Race: | Sex: M  Marital: |
| Paid Thru: | 9/30/2008 | Contractor: E-RAGNAR BENSON | |
| | | Department: | |
| On List: | | Referral Status: | Sign In: |

### Dispatch / Job Call History

| Date/Time | Job ID | Action | Reason | Status | Before | After |
|---|---|---|---|---|---|---|
| 4/8/2010 2:33:20 PM | | Status Change | dismissed from Apprenticeship Program, letter sent, see file(JH)/andee | A | | I |
| 4/2/2008 4:03:00 PM | 4770 | Skip-Unavailable | a/m;D&M Panel Shop, Cascade | A | A |
| 4/2/2008 4:03:02 PM | 4770 | Put to New | Skips Exceeded - Put to Bottom of List | A | A |
| 3/23/2008 4:03:00 PM | 4636 | Skip-Non-Penalty | non-penalty,2nd refusal;Elohim;Sande Casino/andee | A | A |
| 3/23/2008 4:03:00 PM | 4636 | Skip-Refusal | refused;Panel Shop;D&M Panel Shop | A | A |
| 3/10/2008 4:01:02 PM | 4337 | Put to New | Skips Exceeded - Put to Bottom of List | A | A |
| 3/10/2008 4:01:00 PM | 4337 | Skip-Unavailable | a/m;D&M Panel Shop (Cascade);requested apprentice | A | A |
| 7/23/2008 4:02:00 PM | 4227 | Skip-Refusal | Refused;D&M;Broughal School(Requested apprentice) | A | A |
| 6/4/2008 4:07:02 PM | 4143 | Put to New | Skips Exceeded - Put to Bottom of List | A | A |
| 6/4/2008 4:07:00 PM | 4143 | Skip-Unavailable | a/m;Butz;DeSales | A | A |
| 5/23/2008 4:02:00 PM | 4119 | Skip-Refusal | refused;Batz;B.Braun | A | A |
| 11/28/2007 4:18:00 PM | 3737 | Skip-Unavailable | answer machine;D&M;Panel Shop Cascade | A | A |
| 11/28/2007 4:18:02 PM | 3737 | Put to New | Skips Exceeded - Put to Bottom of List | A | A |
| 9/21/2007 4:18:00 PM | 3692 | Skip-Refusal | Refused;D&M Panel Shop;Big Blue | A | A |
| 9/28/2007 4:38:00 PM | 3628 | Skip-Unavailable | answer machine;Healy Long;St Lukes pkg deck | A | A |
| 9/28/2007 4:38:02 PM | 3628 | Put to New | Skips Exceeded - Put to Bottom of List | A | A |
| 9/6/2007 5:17:00 PM | 3324 | Skip-Unavailable | ANSWERING MACHINE | A | A |
| 8/1/2007 9:52:38 AM | | Put to New | laid off | | A |
| 3/30/2004 8:03:00 PM | | Skip-Unavailable | R 3/29/04 WANTSOFF LIST 8:23PM SCHULTZ | | |
| 3/29/2004 | | Skip-Unavailable | R 3/29/04 N/A 7:01PM ACE PALMER CENTER | | |

Handwritten annotations:
- End. 08 → 4 calls in 08
- Heitman cancel
- left message



<u>UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

| | | |
|---|---|---|
| DONALD C. GRIFFITH, | : | CASE NO. 5:10-CV-6181 |
| Plaintiff | : | |
| v. | : | |
| LABORERS INTERNATIONAL | : | |
| UNION OF NORTH AMERICA, | : | JURY TRIAL DEMANDED |
| LOCAL NO. 1174, | : | |
| Defendant | : | |

<u>PLAINTIFF DONALD GRIFFITH'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER ENTRY OF SUMMARY JUDGMENT IN FAVOR OF DEFENDANT, LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL NO. 1174</u>

I.  **BACKGROUND**

In an Order dated July 13, 2012, this Honorable Court granted the Defendant's Motion for Summary Judgment. The Plaintiff believes that the Court has made an error of law, for the reasons set forth below.

II.  **ARGUMENT**

A. AN ERROR WAS MADE WITH RESPECT TO THE RELEVANT TIME FRAME

1. <u>This Honorable Court Should Not Allow "Trial by Affidavit"</u>

A proper motion to alter or amend judgment "must rely on one of three major grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence [not available

previously]; [or] (3) the need to correct clear error [of law] or prevent manifest injustice. See North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (1995). In the case at bar, Plaintiff argues that the third North River factor would require an alteration of the court's July 13, 2012 decision granting summary judgment.

This Honorable Court must view all facts and draw all reasonable inferences in favor of the non-movant, take as true all allegations of the non-movant that conflict with those of the movant, and resolve all doubts against the movant. See United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 8 L. Ed. 2d 176 (1962); Gans v. Mundy, 762 F.2d 338, 340 (3d Cir. 1985). For example, in Doe v. C.A.R.S. Protection Plus, Inc., 527 F.3d 358 (3d Cir. 2008), the Third Circuit Court of Appeals, citing Sorba v. Pennsylvania Drilling Co., Inc., 821 F.2d 200, 201-02 (3d Cir. 1987), cert. denied, 484 U.S. 1019 (1988), stated that: "In an employment discrimination case, the burden of persuasion on summary judgment remains unalterably with the employer as movant. The employer must persuade us that even if all of the inferences which could reasonably be drawn from the evidentiary materials of record were viewed in the light most favorable to the plaintiff, no reasonable jury could find in the plaintiff's favor". The moving party's evidence must come from disinterested witnesses. See Reeves v. Sanderson Plumbing Products, 530 U.S. 133, 151 (2000); Adickes v. S.H. Kress, 398 U.S. 144, 176 (Black, J., concurring); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

In sum, this approach taken by the court in this instance does not seem to reflect the heavy burden placed on moving parties who file summary judgment motions. In Doe v. C.A.R.S. Protection Plus, Inc., supra, the Third Circuit Court of Appeals stated:

> In an employment discrimination case, the burden of persuasion on summary judgment remains unalterably with the employer as movant. The employer must persuade us that

even if all of the inferences which could reasonably be drawn from the evidentiary materials of record were viewed in the light most favorable to the plaintiff, no reasonable jury could find in the plaintiff's favor. See Sorba v. Pennsylvania Drilling Co., Inc., 821 F.2d 200, 201-02 (3d Cir. 1987), cert. denied, 484 U.S. 1019 (1988).

### III.    CONCLUSION

The Plaintiff's Motion to Reconsider refers to a misinterpretation of the evidence that may have led to a "watering down" of the Plaintiff's evidence of discrimination. The Court also referred to certain "exceptions" to the referral rules that were not based on tangible evidence maintained by the Defendant in accordance with its own referral rules. Plaintiff, for the reasons set forth above, respectfully requests your Honorable Court to reconsider its July13, 2012 decision granting summary judgment in the case at bar, and to enter an Order denying and dismissing Defendant's Motion for Summary Judgment with prejudice.

Respectfully submitted,

DONALD P. RUSSO, ESQUIRE

Attorney for Plaintiff

Law Offices of Donald P. Russo

35 East Elizabeth Avenue, Suite 42

Bethlehem, Pa 18018

(610) 954-8093

Attorney I.D. No. 25873

UNITED STATES DISTRICT COURT  FOR THE  EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD C. GRIFFITH, | : | CASE NO. 5:10-CV-6181 |
| Plaintiff | : | |
| v. | : | |
| LABORERS INTERNATIONAL | : | |
| UNION OF NORTH AMERICA, | : | JURY TRIAL DEMANDED |
| LOCAL NO. 1174, | : | |
| Defendant | : | |

ORDER

AND NOW, this       day of          , 2012, upon consideration of the Plaintiff's Motion to Reconsider and in consideration of the Defendant's opposition thereto, it is hereby Ordered and Decreed that the Plaintiff's Motion to Reconsider is granted. The Defendant's Motion for Summary Judgment is hereby denied and dismissed, with prejudice.

BY THE COURT:

_____

PETRESE B. TUCKER, U.S.D.J.