# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD C. GRIFFITH, | : |
| Plaintiff, | : CIVIL ACTION |
| v. | : |
| | : NO. 10-6181 |
| LABORERS INTERNATIONAL UNION OF | : |
| NORTH AMERICA, LOCAL NO. 1174, | : |
| Defendant. | : |

**FILED**
SEP 12 2012
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## ORDER

AND NOW, this _10th_ day of September 2012, upon consideration of Plaintiff's Motion to Reconsider Entry of Summary Judgment in Favor of Defendant (Doc. 37) and Defendants' Response in Opposition thereto (Doc. 39), **IT IS HEREBY ORDERED AND DECREED** that Plaintiff's Motion to Reconsider is **DENIED**.[1]

---

[1] Motions for reconsideration are governed by Local Rule of Civil Procedure 7.1(g) and are considered motions to "alter or amend" judgment under Federal Rule of Civil Procedure 59(e). "The ... filing period for a motion to alter or amend a judgment is jurisdictional and cannot be extended at the discretion of the district court. See Mash v. Twp. of Haverford Dep't of Codes Enforcement, 2007 U.S. Dist. LEXIS 67265, at *5 (citing Fed. R. Civ. P. 6(b); Browder v. Dir, Dep't of Corr. of Ill., 434 U.S. 257, 263 n. 7 (1978); Kraus v. Conrail, 899 F.2d 1360, 1362 (3d Cir. 1990)). Local Rule of Civil Procedure 7.1(g) provides that "[m]otions for reconsideration or reargument shall be served and filed within fourteen (14) days after the entry of the judgment, order, or decree concerned."

The Court granted Defendant's Motion for Summary Judgment on July 13, 2012 (Docs. 35 & 36.) Because Plaintiff's July 23, 2012 Motion to Reconsider was timely filed, the Court may address the substance of the Motion.

The Third Circuit has held that a motion for reconsideration will be granted only if the moving party can demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reins. Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Motions for reconsideration, however, should be granted sparingly "because courts have a strong interest in the finality of judgments." Douris v. Schweiker,

**IT IS FURTHER ORDERED** that the Clerk of Court mark this matter as **CLOSED** for statistical purposes.

---

229 F. Supp. 2d 391, 408 (E.D. Pa. 2002) (quoting Cont'l Casualty Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995)); Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995) ("...reconsideration should be granted sparingly and may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court.").

Plaintiff argues the Court committed a clear error of fact in granting Defendant's Motion for Summary Judgment. Plaintiff's argument is twofold: (1) the Court committed a "misinterpretation of the evidence that may have led to a 'watering down' of the Plaintiff's evidence of discrimination"; and (2) the Court "referred to certain 'exceptions' to the referral rules that were not based on tangible evidence maintained by the Defendant in accordance with its own referral rules." (Doc. 37 at 8.)

With respect to the first argument, Plaintiffs maintains that the Court focused on a time frame that was different from the time frame that he argued supported his claims for discrimination. Plaintiffs argues "[t]he relevant time frame cited by the Plaintiff for the specific acts of discrimination was a period of less than five months, beginning on May 1, 2007." (Doc. 37 at 1.) Plaintiff clams that his EEOC Charge, Complaint, NLRB Charge, and Deposition at pages 81-83 all make clear that the relevant time frame was this five month period. It does not appear that copies of EEOC or NLRB charges were ever filed with this Court by Plaintiff. Plaintiff's Complaint makes references to both, but neither was attached as an exhibit. It also does not appear that either charge was filed as an exhibit to any subsequent pleadings. Therefore, this Court has never had occasion to consider the substance of those charges. Nonetheless, the Court considers the Complaint and Deposition to be far more substantive and relevant to the issue at hand. Despite Plaintiff's contentions, neither the Complaint nor Plaintiff's Deposition allege that the relevant time period was only a five month period beginning on May 1, 2007. The Complaint clearly states the Plaintiff put his name on the referral list "on or about May of 2007," but does not allege that the relevant time frame ended five months later. Compl. ¶¶ 9-21. In addition, as Defendant rightly points out, during his deposition the Plaintiff was specifically asked what time period his Complaint covered. Pl. Dep. at 81-83. In response to questioning by Defendant's counsel, Plaintiff unambiguously agreed that the relevant time frame was from May 1, 2007 to April 6, 2010, the day he was notified that he was removed from the referral list. Id. at 83. Thus, neither the Complaint nor Plaintiff's Deposition supports the argument Plaintiff is now asserting.

With respect to the second argument, Plaintiff generally claims Defendant "did not submit copies of the alleged written employer requests" for specifically qualified workers, as required by Laborers' Local 1174 Referral Procedure. However, Defendant's Memorandum in support of its motion for summary judgment provided a detailed explanation for each instance where a laborer was called who was listed below Plaintiff (Doc. 24 at 9-17.) The Memorandum includes thorough citations to supporting documentation, including those instances where an employer requested a specifically qualified laborer. This Court finds this documentation to be sufficient.

Based on the foregoing, Plaintiff's Motion for Reconsideration is denied.

2

**BY THE COURT:**

*Petrese B Tucker*

**Hon. Petrese B. Tucker, U.S.D.J.**